**COURT OF APPEALS, JUNE TERM, 1820.**

SNAVELY *vs*, M'PHERSON and BRIEN.

*Where the return of a commission to take testimony, states that the commission ers took the oath annexed to the commission before A B, the legal presumption is, that A B, had authority to administer an oath.*

*If notice of the execution of a commission be given to the party against whom the evidence taken under it operates, it is sufficient, tho' no notice was given to the adverse party.*

*Notes or memoranda of a surveyor who is dead, endorsed on his certificate of survey, are, on proof of his hand writing, competent evidence to shew the original running of the land, to which they relate, but not to elongate or shorten, or in any manner to affect the position of the land as described in the grant of it.*

APPEAL from *Washington* county court. Trespass *quara clausum fregit* on a tract of land called *Antietam Works.* The defendant (now appellant,) pleaded the general issue. A warrant of resurvey issued, and plots were returned.

1. At the trial below, at October term 1815, the plaintiffs offered in evidence the patent of *Antietam Works,* granted to them the 14th of May 1810, for 9548 acres of land; and offered evidence, that the trespass was committed as stated in the declaration, and as located on the plots in the cause; the plots and illustrations thereof were also given in evidence. The plaintiffs also proved their location of *The Resurvey on Hills and Dales and the Vineyard,* as located on the plots, with two degrees of variation; and the defendant having offered in evidence the patent of *The Resurvey on Hills and Dales and the Vineyard,* and his location of that patent on the plots; and having also given in evidence the certificate of said survey, dated the 8th of August 1763, and made for *Joseph Chapline,* and the patent on that certificate, granted the 9th of November 1771, to *Joseph Chapline* and *James Chapline* for 2256 acres. And the plaintiffs, in order to prove the truth of their location of *The Resurvey on Hills and Dales and the Vineyard,* having first shewn that the land, for which the defendant took defence, was a part of the land called *The Resurvey on Hills and Dales and the Vineyard,* and that he claimed and held the same under the original patentees, and that *John Murdock,* who made the original survey called *The Resurvey on the Hills and Dales and the Vineyard,* is dead, offered to give in evidence the following paper, viz. The certificate before mentioned, made for *Joseph Chapline,* of *The Hills and Dales and the Vineyard,* annexed to and on the back of which was this indorsement; "This resurvey is confined as follows, viz, From the beginning to No. 4 joins *Ward's Spring.* From number 4 to 9 joins *Elswick's Dwelling,*" &c. (Signed) "J. M."

And which purported to be a copy of the original certificate of *The Resurvey on Hills and Dales and the Vineyard,* and of certain descriptions annexed thereto, and endorsed thereon, stating how the said tract lay and as connected with the adjoining lands, so far as such adjoining

lands were located on the plots in the cause, in order to prove their location of *The Resurvey on Hills and Dales and the Vineyard* to be correct. To this evidence the defendant objected; but the court, [*Buchanan*, Ch. J.] was of opinion that said paper was competent evidence to go to the jury, not to elongate or shorten any of the lines of the certificate, or patent issued thereon, or in any manner to alter or change the position of the land as described in the grant, but as the declarations of the surveyor who was dead, as to the original running of the lines of the land as expressed in the certificate and patent. The defendant excepted; and the verdict and judgment being against him, he appealed to this court, where the case was argued at June term 1817, before CHASE, Ch. J. EARLE, JOHNSON, MARTIN and DORSEY, J.

*L. Martin*, for the appellant, relied on and cited the act of 1812, ch. 82. *Bladen's lessee vs. Cockey*, 1 *Harr. & M'Hen.* 230. *Scott's lessee vs. Ollabaugh*, 3 *Harr. & M'Hen.* 511. *Land. Hold. Ass.* 381, 396 to 400.

*Taney*, for the appellees, also relied on the act of 1812, ch. 82, and on *Peake's Evid.* 91. *Thornton's lessee vs. Edwards*, 1 *Harr. & M'Hen.* 158. *Shorter vs. Rozier*, 3 *Harr. & M'Hen.* 238; and *Shorter vs. Boswell*, decided in this court at December term 1808.

CHASE, Ch. J. delivered the opinion of the court. Without deciding the question, whether the notes of the surveyor could be received as the declarations of the surveyor, who is dead, on being proved, the court are of opinion that the notes in this case are not official acts, and can derive no additional power or efficacy by being annexed to the certificate; being offered as the private observations of the surveyor, his hand writing must be proved; and proof of the certificate is no proof of the hand writing of the surveyor, as to these notes. They cannot be considered as papers, copies of which can be received as evidence under the act of assembly of 1812, ch. 82.

JUDGMENT REVERSED.

A *procedendo* was awarded, and the cause remitted to the county court for a new trial.

2. At the new trial in November 1818, the plaintiffs read in evidence the plots and explanations, and proved

*[margin note: June 1820. Snavely vs M'Pherson, &c.]*

JUNE 1820. the trespass laid in the declaration. They also gave in

Snavely
vs
M'Pherson, &c.

evidence the grant of the tract of land called *Antietam Works*, and the tract called *The Resurvey on Hills Dales and the Vineyard*. And also gave evidence, that a certain *William Norris* was a deputy surveyor, and executed in the county the original survey of *The Resurvey on Hills Dales and the Vineyard*; and then offered to read in evidence the following commission, with the proceedings thereon, and the return of the same, and the deposition of *William Bayly* taken under said commission, and the notes annexed to the certificate of the survey of *The Resurvey of Hills Dales and the Vineyard*, marked A; (admitted to be the original paper referred to in the said commission,) as far as said notes were located on the plots in this case by the plaintiffs. This commission was in the usual form, authorising *John Marbury*, of the District of *Columbia*, to take testimony in the cause. The oath annexed to the commission to be taken by the commissioner, appeared to have been taken before *Thomas Cockran*, and that to be taken by the clerk to have been taken by him. The interrogatories exhibited to the commissioner by the plaintiffs were set out, as also his notice to the defendant to attend the execution of the commission, with an affidavit of its service. The return then proceeds as follows: "Depositions of witnesses produced, sworn and examined, at my office in *George Town*, by virtue of a commission hereto annexed, issuing out of the *Washington* county court, *Maryland*, to me directed, for examination of witnesses in a cause there depending, between *John M'Pherson* and *John Brien*, plaintiffs, and *Casper Snavely*, defendant. The parties having first been notified by me of the time and place required to attend, and Mr. *Richard H. Fitzhugh* having been appointed clerk to the commission. Tuesday 17th March 1818, met according to appointment, when neither of the parties appeared in person, or by attorney. *William Bayly*, of *Washington* county, District of *Columbia*, aged about 76 years, a witness produced and sworn on the part of the defendant. To the first interrogatory he answers, and says," &c. "To the second he answers—He was very well acquainted with *John Murdock*, and lived with him as a clerk. *Murdock* was the surveyor of *Frederick*, when it included *Allegany*, *Washington* and *Montgomery* counties, and has been dead about

thirty years.   To the third he answers—I have seen *John*
*Murdock* write often; I know his hand writing well.   To
the fourth (looking upon the original certificate marked A.
and signed *J. Marbury*, in an executed commission from
said court in the case of *Snavely* vs. *Brien*, enclosed,) he
answers, that such certificate is in the hand writing of
*Zachariah White*, and the signature of *J. Murdock* is his
signature." He also proved that the notes annexed to said
certificate were in the hand writing of *White*, and the ini-
tials of *Murdock's* name, at the bottom of said notes, end-
ing with the words *"Joins Addition to Ward's Spring,"*
are in the writing of said *Murdock*, and the initials of
*Murdock's* name to the notes ending with the words
*"young apple trees"* to be the writing of said *White*.   To
the sixth he answered—He knew *Zachariah White*, that
he was clerk to *Murdock*, and in his employment four or
five years; had often seen *White* write, and was well ac-
quainted with his hand writing.   To the seventh he an-
swered—Said *White* was *Murdock's* clerk at the time said
certificate bore date; and that he was dead, and had
been for many years.   No other witnesses appearing, the
commission was closed, and signed and sealed by the com-
missioner.

Then follows the certificate of survey of *The Resurvey
on Hills and Dales and the Vineyard*, dated the 8th day of
August 1763, and signed "Pr. *John Murdock*." Annexed to,
and on the back of the aforegoing certificate, is as follows,
viz. "This resurvey is confined as follows, viz. From the
beginning to number 4 joins *Ward's Spring*.   From No.
4 to 9 joins *Elswick's Dwelling*," &c. &c. "From the
end of the 128th to the beginning joins *Addition to Ward's
Spring*.                          *J. M.*"

To this commission and return, and the evidence taken
under it, being read to the jury, the defendant, by his coun-
sel, objected; but the court, [*Buchanan*, Ch. J. and *Shriver*,
A. J.] overruled the objection, being of opinion, and so
directing the jury, that the same was competent evidence
to go to them, not to elongate or shorten any of the lines of
the certificate or patent issued for *The Resurvey on Hills,
Dales and the Vineyard*, or in any manner to alter or
change the position of the land as described in the grant,
but as the declarations of a person or persons now dead, of
the place where the lines of the land, as expressed in the
certificate and patent, did originally run.   To this opinion

June 1820.

Snavely
vs
M'Pherson, &c

the defendant excepted; and the verdict and judgment being for the plaintiffs, he appealed to this court, where the cause was argued before EARLE, JOHNSON and DORSEY, J.

*Stephen*, for the appellant, relied on the act of Nov. 1781, *ch.* 20, *s.* 14, and *Guppy vs. Brown*, 4 *Dall.* 410.

*Taney*, for the appellees, cited *The State vs. Leny*, 3 *Harr. & M'Hen.* 591. *Ridgely's lessee vs. Ogle and Leonard*, 4 *Harr. & M'Hen.* 126.

EARLE, J. delivered the opinion of the court. A commission to take testimony, executed in the District of *Columbia*, and returned by the commissioner therein named, with the evidence taken under it, were read by the plaintiffs in the court below to the jury, in the trial of this cause, and an objection was made by the defendant to the competency of the evidence, who contended that the commission and testimony under it ought not to be received as such. The court below thought they were legal evidence, and expressed an opinion, that the testimony could be used as the declarations of a person or persons then dead, of the place where the lines of the land expressed in the certificate of survey and patent did originally run, but could not be used to elongate or shorten any of the lines, or to alter or change, in any manner, the position of the land as described in the grant. In this opinion the court entirely coincide. It has been heretofore decided by this court, that notes or memoranda endorsed by the surveyor, or others, on a certificate of survey returned into the land office, make no part of the certificate, and that an office copy of such endorsements is not competent evidence. Thus stript of official consequence, the court cannot perceive that any dangerous use can be made of these notes or memoranda, especially when it is proposed to restrict the use of them, and not suffer them to be applied to decisive purposes in elongating or shortening lines, or in altering and changing the position of lands as described in the grant. They are to be considered in the light of private notes or memoranda, and their being endorsed on an official paper, ought not to prevent a party from using them. They are equivalent to the declarations of persons long made, and who at the trial are dead, and in this view the court are of opinion they are admissible proof.

The court are of opinion, that there is sufficient appear- J u n e  1820,
ing in the return of the commission, executed in the Dis-   Carroll
trict of *Columbia,* to establish its due execution.                vs
                              JUDGMENT AFFIRMED.                  Norwood